# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 15-0852V**
**Filed: July 28, 2017**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| MARK KERRIDGE, * | |
| Petitioner, * | Reasonable Attorneys' Fees and Costs; Reasonable Hourly Rate; Local Rate; Administrative Reduction; Unreasonable Time Billed. |
| v. * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | |

*Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner.*
*Douglas Ross, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

**Dorsey**, Chief Special Master:

On February 16, 2017, Mark Kerridge ("petitioner") filed a motion for attorneys' fees and costs, requesting $19,654.65 in attorneys' fees for his attorney, Richard Gage, and $447.78 in costs incurred by the firm, for a total of $20,102.43.[2] Petitioner's Application ("Pet. App.") dated Feb. 16, 2017 (ECF No. 45) at 4. Petitioner's application also requests $772.69 to compensate petitioner for his out-of-pocket costs related to the litigation.[3] Id., Tab F at 30, 41. Respondent filed a general response on February 17, 2017, leaving the amount of attorneys' fees and costs to the undersigned's discretion.

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] On the first page of petitioner's application, petitioner requests a total of $20,825.12 for all attorneys' fees and costs (including the costs personally incurred by petitioner). It is unclear how this figure was calculated. The total amount requested in the attached fee application (including petitioner's costs) total $20,781.46.

[3] Petitioner's application contains an "Attorney Fee and Cost Breakdown" page, stating that petitioner's out-of-pocket expenses total $679.03. Pet. App., Tab A at 4. However, petitioner signed a sworn statement (and includes a copy of a personal check payable to this attorney) stating that his out-of-pocket costs total $772.69. Pet. App., Tab F at 29. The undersigned bases petitioner's fee award on petitioner's sworn statement.

Respondent's Response dated Feb. 17, 2017 (ECF No. 46). Petitioner did not file a reply.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $15,321.93 in attorneys' fees and costs for Richard Gage, P.C., and $772.69 for petitioner's out-of-pocket costs.

## I. Introduction

On August 10, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[4] (the "Vaccine Act"). Petitioner alleged that he suffered brachial neuritis as a result of an influenza ("flu") vaccine he received on August 22, 2014. Petition at 2; Stipulation dated December 19, 2016, at ¶¶ 2, 4. On December 19, 2016, the undersigned issued a decision based on the parties' stipulation, awarding petitioner $465,000.00. Decision dated Dec. 19, 2016 (ECF No. 41).

## II. Analysis

### a. Reasonable Attorneys' Fees

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. §300aa-15(e)(1). In this case, petitioner was awarded compensation and therefore is entitled to an award of reasonable attorneys' fees and costs.

#### i. Reasonable Hourly Rate

Mr. Gage requests $387.50 per hour for work performed in 2015 and $401.75 per hour for work performed in 2016 and 2017. Pet. App., Tab C at 8-12. His associate, Donald Gerstein, requests $350.00 per hour for work performed in 2015, and two paralegals, Susan McNair and Brian Vance, request a rate of $135.00 per hour for work performed in 2015-2017. Pet. App., Tab D at 14; Tab E at 16-20.

These rates are consistent with the forum rates awarded in McCulloch v. Sec'y of Health & Human Servs., 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) at *19, a decision that established hourly rate ranges for attorneys entitled to a forum rate. However, the undersigned finds that Mr. Gage is not entitled to forum rates and herein incorporates the reasoning and conclusions of other special masters who have declined to award him forum rates. Onikama v. Sec'y of Health & Human Servs., 15-1348V, 2017 WL 1718798 (Fed. Cl. Spec. Mstr. April 3, 2017) (Special Master Gowen declined to award forum rates to Mr. Gage); Henderson v. Sec'y of Health & Human Servs., 14-1082V, 2017 WL 2628170 (Fed. Cl. Spec. Mstr. May 25, 2017) (Special Master Roth declined to award forum rates to Mr. Gage); Auch v. Sec'y of

[4] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Health & Human Servs., 12-673V, 2016 WL 1718783 (Fed. Cl. Spec. Mstr. April 5, 2017) (Special Master Corcoran declined to award forum rates to Mr. Gage).

Consistent with other special masters, the undersigned finds that a reasonable hourly rate for Mr. Gage's work is $300.00 per hour in 2015, $311.00 per hour in 2016, and $318.00 per hour in 2017. Onikama, 2017 WL 1718798, at *7. A reasonable hourly rate for Mr. Gerstein's work is $250.00 per hour for 2015, which is similar but slightly above the hourly rate of $242.00 per hour that Special Master Millman awarded Mr. Gerstein in McErlean v Sec'y of Health & Human Servs., 13-543V, 2016 WL 4575583 (Fed. Cl. Spec. Mstr. July 28, 2016). Further, the undersigned finds that $120.00 per hour is reasonable compensation for paralegal work in 2015-2017. Onikama, 2017 WL 1718798, at *13.

**ii. Time Expended**

It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Human Servs., 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 256468 at *8.

The undersigned has reviewed Mr. Gage's fee application for reasonableness and finds that a significant portion of the time billed by him and his staff is unreasonable. The undersigned agrees with Special Master Moran that "Mr. Gage's billing entries do not provide enough detail so that the reasonableness of the activity can be assessed." Wilson v. Sec'y of Health & Human Servs., 14-411V, 2017 WL 1374748 (Fed. Cl. Spec. Mstr. March 22, 2017) at *2 (reducing Mr. Gage's overall fee award by ten percent for vagueness).[5] In this case, Mr. Gage billed over seven hours of time, spanning more than 40 billing entries, for "conference[s] with [his] paralegal."[6] Most of these entries contained no other information regarding what was discussed or how it related to petitioner's case. As a whole, Mr. Gage's billing entries in 2015 are so vague that the undersigned is unable to assess whether they were reasonable.

Although respondent did not specifically object to the number of paralegal conferences in this case, he has previously noted that that the number of conferences that Mr. Gage holds with his paralegals is excessive and should not constitute billable time. Luch v. Sec'y of Health & Human Servs., 14-852V, 2017 WL 2952299 (Fed. Cl. Spec. Mstr. June 15, 2017) at *1. The undersigned further notes that for many of these

[5] Accord Padilla v. Sec'y of Health & Human Servs., 15-642V, 2017 WL 1435881 (Fed. Cl. Spec. Mstr. March 30, 2017) at *2 (reducing Mr. Gage's overall fee award by ten percent for vagueness).

[6] See billing entries dated February 13, 26, 2015; March 3, 19, 2015; April 13, 14, and 29, 2015; June 18, 2015; July 21, 23, and 27, 2015; August 6, 10, and 14, 2015; September 3, 21, 23, and 30, 2015; October 21, 2015; November 12, 19, 2015; December 29, 2015; January 6, 11, and 20, 2016; February 10,15, 2016; March 8, 2016; April 8, 11, 18, and 29, 2016; May 6, 13, and 24, 2016; July 18, 2016; August 29, 2016; September 8, 12, 2016; December 14, 16, 2016; and January 24, 2017. All of these entries are for time billed for meetings with paralegals. Pet. App., Tab C at 8-12.

entries, paralegals also billed time for speaking with Mr. Gage. The undersigned has previously found such duplicative entries unreasonable and has reduced fee applications for them. Mostovoy v. Sec'y of Health & Human Servs., 02-10V, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Further, it appears that petitioner's counsel billed excessive hours for working on the case. For example, Mr. Vance billed over 21 hours for "outlining [the] exhibits" in the case and "creating [a] timeline." Pet. App., Tab E at 20. In addition, this work is duplicative of work performed by Mr. Gerstein, who billed 4.3 total hours to review the medical records in the case. Pet. App., Tab D at 14. Mr. Gage and Mr. Gerstein also collectively billed over five hours of time to draft a two page petition and a one page affidavit from petitioner. Pet. App., Tab C at 8; Tab D at 14. The undersigned finds that such billing entries are excessive and duplicative and thus reduces petitioner's fee application for them.

Finally, the undersigned notes that much of the paralegal time billed in the case is administrative in nature. Ms. McNair billed over three and a half hours for administrative tasks, including scheduling status conferences, Bates stamping and filing exhibits, calendaring deadlines, and scanning and saving medical records.[7] It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy, 2016 WL 720969.

For the reasons discussed above, the undersigned finds it reasonable to deduct petitioner's overall fee award by five percent (5%), or $782.85, due to vague, excessive, and duplicative billing and time billed for administrative tasks. The undersigned warns petitioner that future billing invoices should clearly state the amount of time billed and the specific tasks performed. In the future, the undersigned may find it reasonable to further reduce petitioner's counsel's fee applications for vagueness, duplicative billing, excessive hours, and/or billing for administrative work.

### b. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Mr. Gage requests a total of $447.78 in costs incurred by his firm in relation to the litigation. See Pet. App., Tab E at 21, 26. These costs include payment for medical records, copies, and postage. Id. The undersigned finds these costs reasonable and awards them in full.

[7] See petitioner's billing entries dated March 20, 2015; April 20, 23, 2015; May 4, 22, 2015; August 10, 13, 2015; September 16, 21, 2015; October 21, 2015; March 8, 2016; June 21, 2016; and September 2, 2016.

Petitioner further requests $772.69 in litigation-related expenses, including payment of the filing fee, payment for medical records, and postage. Pet. App., Tab F at 29. The undersigned finds these costs reasonable and awards them in full.

## III. Conclusion

| **Attorneys' Fees** | |
|---|---|
| Requested: | $19,654.65 |
| Mr. Gage rate reduction: | ($2,491.65) |
| Mr. Gerstein rate reduction: | ($900.00) |
| Paralegal rate reduction: | ($606.00) |
| Reduction for vagueness | ($782.85) |
| **Awarded:** | **$14,874.15** |

| **Attorneys' Costs** | |
|---|---|
| Requested: | $447.78 |
| Reductions: | ($0.00) |
| **Awarded:** | **$447.78** |

| **Petitioner's Costs** | |
|---|---|
| Requested: | $772.69 |
| Reductions: | ($0.00) |
| **Awarded:** | **$772.69** |

**Accordingly, the undersigned awards:**

**(1) A lump sum in the amount of $772.69, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner, Mark Kerridge; and**

**(2) A lump sum in the amount of $15,321.93, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Richard Gage.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[8]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.